## Muscovalley v. Davis.

(Decided May 16, 1922.)

### Appeal from Hickman Circuit Court.

1.   Ferries—Franchises and Privileges—Pleading.—A petition for the recovery of damages for the invasion by the defendant of a franchise right belonging to the plaintiff, is demurrable if it fails to show that the franchise granted the plaintiff was in fact invaded by the business carried on by the defendant.

2.   Ferries—Franchises and Privileges.—One who relies upon a certain franchise limited in its scope and extent, must show that the defendant against whom he seeks damages for a violation of his privilege has operated his business within the territory or scope

of the franchise granted the plaintiff, or he must fail in his action.

3. Ferries—Franchises and Privileges—Operation—Tolls.—The plaintiff averred that the town of Columbus, on the margin of the Mississippi river, granted him for a consideration a franchise or ferry privilege to operate a ferry boat from that town, across the Mississippi river to Belmont, Missouri, and that the defendant had operated an independent boat or ferry from the town of Columbus down the Mississippi river about two miles to Wolf Island, and had by that means reduced the plaintiff's tolls on his ferry to the extent of three dollars per day for several months. As the plaintiff was entitled to the unmolested operation of his ferry between the town of Columbus, Kentucky, and Belmont, Missouri, only and not to operate it from Columbus, Kentucky, down the Mississippi river two miles to Wolf Island, he was not concerned in such operation nor was his franchise violated thereby.

E. T. BULLOCK for appellant.

J. M. BRUMMAL, BENNETT, ROBBINS & ROBBINS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

As plaintiff, the appellant, George Muscovalley, instituted this action in the Hickman circuit court against Joe S. Davis and John Hart to recover of them $1,710.00 in damages which he, as owner of a ferry franchise on the Mississippi river between the towns of Columbus, Kentucky, and Belmont, Missouri, had suffered through the wrongful operation of an independent ferry by the defendants, now appellees. A general demurrer was overruled to the petition which declared upon a franchise granted by the city of Columbus, although the contract is not made a part of the petition. It appears that in 1831 the General Assembly of Kentucky made the following grant of franchise to the city of Columbus: "That the ferry rights and privileges from the public grounds on the margin of the Mississippi river, at Columbus across the said river to the opposite shore, is hereby granted and confirmed to the trustees of said town and their successors in said office, for the use and benefit of the inhabitants thereof, and said trustees are hereby vested with power and authority to lease one or more ferries from said public ground from time to time, not exceeding five years at any one time." Pursuant to the foregoing grant of power the city of Columbus sold at public outcry a franchise or right to operate a ferry between said city

on the Kentucky side, of the Mississippi river, and the town of Belmont, on the Missouri side of said river, described as "ferry privileges across the Mississippi river from Columbus, Kentucky, to Belmont, Missouri, for the period of one year from the first Saturday in November, 1918, to the first Saturday in November, 1919, and for the next succeeding year," and this is the privilege purchased by appellant Muscovalley and upon which he relied in his action for damages against the appellees Davis and Hart, for the infringement of his rights under said grant by the operation of an independent ferry and the taking of tolls. It is admitted by the answer, and not controverted by appellant, that the independent ferry of which complaint is made was a gasoline boat which plied between the dock at Columbus and Wolf Island which lies in the center of the Missisippi river, more than two miles below the city of Columbus and on which some 200 people live who get their supplies largely from Columbus, and in doing so use the gasoline boat above mentioned. These facts were set forth in the answer of Davis and Hart to which a general demurrer was filed and overruled. Thereupon the plaintiff declined to further plead and the court dismissed his cause and he appeals.

Both the petition and the answer were amended before demurrer was filed to them. The first part of the answer traversed the material averments of the petition. The second paragraph presented the fact that the plaintiff's franchise was confined to the operation of a ferry between the town of Columbus, Kentucky, and Belmont, Missouri, and that the independent ferry of which complaint is made operated between Columbus and Wolf Island, which lies entirely out of the zone of plaintiff's franchise, and which island was not served in any way whatever by plaintiff's boat. The ordinance of the city of Columbus offering the franchise for sale, and the act of the legislature of 1831, conferring upon the city of Columbus the right to grant such franchise, were set forth in the answer. The amended answer averred that as the ferry privilege as between two states it was a link in interstate commerce and the city of Columbus had no power, even under the grant of the state, to authorize a privilege that would in any way interfere with or obstruct interstate commerce. This last plea, it is now confessed by appellees, was demurrable.

It is insisted by appellant that his demurrer to the answer as amended should have been sustained because

the said amended answer did not state facts sufficient to constitute a defense. On the other hand, appellees insist that as their answer contained a traverse and also an affirmative plea showing that the franchise of the plaintiff which was between the towns of Columbus, Kentucky, and Belmont, Missouri, was not invaded by the operation of a boat from Columbus down the Mississippi river to Wolf Island, and plaintiff had not suffered an injury, the demurrer was properly overruled to the answer, and it was the duty of the plaintiff, if he desired to further prosecute his cause, to join issue on the affirmative averments of the answer and when he failed to do so the trial court was obliged to dismiss his action even though one paragraph of the answer or amendment of the answer was defective, there being two good ones.

The rule is well established by the courts of this state that a general demurrer to a pleading defective only in one paragraph but sufficient in one or more other paragraphs, must be overruled unless the demurrer be not only to the entire pleading but to each separate paragraph, in which event the demurrer as to the whole pleading will be overruled, and sustained as to the defective paragraph only. If an answer presents a good defense a general demurrer to it must be overruled. A good illustration is, where the answer traverses the averments of the petition and in a second paragraph avers facts which do not constitute a defense or undertakes the averment of facts which would constitute a defense but the averments are so imperfectly made or made in such defective manner as to render the plea impotent for that purpose, a general demurrer to the whole answer must in such case be overruled; but if the demurrer be to the separate paragraphs of the answer, or to the second paragraph of the answer alone, it will be sustained as to such second paragraph even though it is overruled as to the first.

Applying this rule to the situation we have on this appeal, we must hold that the demurrer to the answer as amended was properly overruled, although the amended answer set forth the fact that the ferry privileges granted the plaintiff were a link in interstate commerce, and therefore invalid as a grant of the city of Columbus, was subject to demurrer. Had the demurrer been to the answer as amended and to each paragraph thereof, or to the amended answer alone, it would have been sustained and then the parties would have joined issue on the

remaining paragraphs of the answer and tried out the cause. Having elected to stand upon his general demurrer to the answer as amended, and allowed his petition to be dismissed, the plaintiff surrendered his rights.

There appearing no error to the prejudice of appellant, the judgment is affirmed.

Judgment affirmed.