## WEBB v. WELCOME WAGON, Inc.

Court of Appeals of Kentucky.
Feb. 20, 1953.

Eldon S. Dummit and Wm. E. Sloan, Lexington, for appellant.

McDonald & McDonald, Lexington, for appellee.

CULLEN, Commissioner.

Welcome Wagon, Inc., a company which operates a merchandise-promotion service in various cities, under which merchants utilizing the service furnish free items of merchandise that are delivered to newcomers in the city by a hostess employed by the company, brought an action to enjoin Mrs. Charlotte Webb, a former hostess for the company, from operating a competing service in the city of Lexington. Pending the suit, a temporary injunction was granted. The defendant filed an answer, to which a demurrer was sustained, and upon the defendant declining to plead further, judgment was entered making the injunction

permanent, for a period of five years from the date as of which the defendant's employment with the company had been terminated. The defendant appeals.

Since the case was decided on the pleadings we will state their substance. The petition alleged the nature of the company's business; that Mrs. Webb was employed as a hostess by the company in Lexington and Fayette County on February 21, 1948, under a written contract which provided that the employment might be terminated by Mrs. Webb by giving two weeks' notice to the company, and might be terminated by the company either by giving two weeks' notice to Mrs. Webb or by paying her two weeks' earnings; that Mrs. Webb's services were not satisfactory and that the company terminated the contract on October 20, 1950, by paying her two weeks' earnings; that under the contract Mrs. Webb agreed that for a period of five years after termination of the contract she would not engage in the same or similar business, either in Lexington or in any other place in which the company is or has been doing business, or has signified its intention to do business; and that Mrs. Webb has set up and is operating a competing business in Lexington, which not only is in violation of the contract but constitutes unfair competition. The petition further alleged that the plaintiff's business involves the use of trade secrets and novel and specialized methods, which Mrs. Webb had learned while in plaintiff's employ, and that Mrs. Webb was utilizing those secrets and methods in her competing business. A copy of the contract was attached to and made a part of the petition.

The answer consisted of two paragraphs. In the first paragraph Mrs. Webb admitted the execution of the contract, but specifically denied every other "material" allegation of the petition. In the second paragraph, Mrs. Webb alleged that her contract with the plaintiff company gave her the exclusive territory of Lexington and Fayette County in which to act as a hostess; that in October 1950 the company wrote her a letter (a copy of which was attached to the answer) advising her that the company was dividing her territory into two parts, and

giving her the choice of selecting one part; that Mrs. Webb thereupon considered the contract breached by the company and she no longer performed any services under the contract.

The contention of Mrs. Webb on this appeal is that the demurrer to the answer should not have been sustained. She first maintains that Paragraph 1 of her answer admitting only the execution of the contract, and denying all other "material" allegations of the petition, stated a good defense. She relies upon the familiar rule that if any paragraph of an answer states a good defense, it is error to sustain a demurrer to the whole answer. See Muscovalley v. Davis, 194 Ky. 778, 240 S.W. 1059.

The appellee, in answer to this contention, first argues that under Section 113 of the Civil Code of Practice, a general denial or traverse must state that all "affirmative" allegations of the petition are denied, and that it is not sufficient to deny the "material" allegations. It appears to us that a denial of all "material" allegations accomplishes the same purpose as a denial of all "affirmative" allegations, and we are not disposed to apply the highly technical interpretation proposed by the appellee.

The appellee further argues that, because a temporary injunction was granted by the lower court and upheld by a judge of this Court, after Mrs. Webb's testimony, presenting her version of the facts in issue, had been heard on the motion for the temporary injunction, there has been a res judicata determination that Mrs. Webb does not have a defense. It is further suggested that Mrs. Webb in her testimony on the motion for a temporary injunction, practically admitted all of the allegations of the petition, and therefore she cannot be heard to deny them in her answer. The argument that a ruling on a motion for a temporary injunction is res judicata of the merits of the main action is indeed a novel one, and, we think, is wholly without merit. Likewise is the argument that testimony on a motion for a temporary injunction may be considered in ruling on a demurrer to a pleading in the main action.

It is our opinion that the first paragraph of the answer stated a good defense, and that the general demurrer to the whole answer should have been overruled for that reason.

We also think that the second paragraph of the answer stated a good defense. It is clear that if the company breached a material provision of the contract, the company cannot enforce by injunction the employe's covenant not to engage in a competing business. Crowell v. Woodruff, Ky., 1951, 245 S.W.2d 447. It is also clear that if the company breached the contract before terminating it, the fact that the company could have terminated the contract at will does not relieve the company of the consequences of the breach. Johnson v. International Shoe Co., 228 Ky. 450, 15 S. W.2d 270; Crowell v. Woodruff, Ky., 1951, 245 S.W.2d 447. It must be remembered that the company is seeking relief in the nature of specific performance, in a court of equity.

Concerning the question of whether the answer sufficiently alleged a breach of the contract by the company, by dividing Mrs. Webb's exclusive territory, we refer to the contract, which was attached as an exhibit to the petition and was referred to in the answer. The contract provides:

"The Company employs the Hostess and the Hostess accepts the employment, to act for it in the capacity of Hostess in * * * and the surrounding trade territory; said territory to be defined in writing but in no instance to interfere with the operation of the Service in any other city, town, borough, township, village or province wherein the Company is now operating or in the future may operate its Service; * * *".

Other provisions of the contract refer to an "assistant" who might be employed by the hostess "in the above described territory."

Upon examining the contract as a whole, we think it is reasonably clear that the parties intended that Mrs. Webb was to have Lexington and Fayette County as an exclusive territory. The merchants from whom she was required to solicit service contracts ordinarily would consider the entire territory as one trade area, for their purposes, and it would not be reasonable to assume a contemplation by the parties that more than one hostess would be soliciting the same merchants for service contracts. The reference in the contract to an "assistant" indicates the parties' intent that if the volume of business required additional workers in the area, they would be employed as subordinates to Mrs. Webb, rather than dividing the area into several territories.

If the contract should be considered ambiguous as to whether Mrs. Webb was given an exclusive territory, she would in any event be entitled, under her answer, to introduce proof concerning the circumstances surrounding the execution of the contract, in an effort to resolve the ambiguity.

The appellee argues that the answer merely alleges a statement of intention of the company to divide the territory, and does not allege that the territory actually was divided. We think that the answer sufficiently alleges an anticipatory breach of the contract. See Restatement of the Law of Contracts, sec. 318, p. 475; 17 C.J.S., Contracts, § 472, p. 973.

The appellee further contends that it is entitled to relief in equity against unfair competition by Mrs. Webb, regardless of whether the contract is enforceable. However, any such relief would depend upon proof of the allegations of the petition, which were denied in Mrs. Webb's answer.

For the reasons hereinbefore indicated, the court erred in sustaining the demurrer to the answer.

We expressly reserve the question of whether the provision of the contract restricting competition is unenforceable because of lack of mutuality and because the restraint is not confined to a reasonable territory. However, see Calhoun v. Everman, Ky., 1951, 242 S.W.2d 100; and Crowell v. Woodruff, Ky., 1951, 245 S.W.2d 447.

The judgment is reversed, with directions to set it aside and to overrule the demurrer to the defendant's answer.